WESTERN ELECTRIC CO. v. CITIZENS' TELEPHONE CO. et al.

(Circuit Court, W. D. Michigan, S. D. September 20, 1898.)

1. PATENTS—CONSTRUCTION—REFERENCE TO SPECIFICATION.
  While reference may be had to the specification for the purpose of helping out indefiniteness or obscurity in the claims, and saving to the patentee what he has invented, at least in case of a primary patent for an

invention in a new field, yet, in general, where the claims are for a mechanical result, they should state with some degree of precision what is claimed in respect to the means devised by the inventor for producing such result, and he cannot appeal to the specification to identify means not described at all.

2. SAME—IMPROVEMENTS IN TRAIN SIGNALING APPARATUS.

The Gilliland patent, No. 266,806, for improvements in railroad train signaling apparatus, is not of a primary character, so as to be entitled to a broad construction, and claims 7, 8, and 9 must be construed as covering only the specific means described in the specification for producing the result therein stated and described.

This is a suit in equity for infringement of a patent.

Barton & Brown, for complainant.

Arthur Steuart and Charles C. Bulkley, for defendants.

SEVERENS, District Judge. The complainant in this case relies on the seventh, eighth, and ninth claims of patent No. 266,806, granted to Gilliland, October 31, 1882, for improvements in railroad train signaling apparatus, all of which it is alleged the defendants infringe. The case has been elaborately argued, and upon consideration thereof, and of the proofs in the record, the court reaches conclusions of which the following is a summary:

The claims in the Gilliland patent which constitute the foundation of the suit partake very much of the quality of claims for mechanical results, and fail to specify with distinctness the means by which the intended results are to be accomplished, and for that reason I have had grave doubts of their validity. The patentee seems to have entertained a purpose of monopolizing every and all means by which the results described may be accomplished, and in argument his counsel has claimed that scope for them. But, in my opinion, the contention is not maintainable. The only way in which these claims can be sustained is by making a large draft on the specification for the purpose of the claims. Unquestionably the rule is that, for the purpose of construing claims and saving to the patentee what he has invented, reference may be had to the specification for the purpose of helping out indefiniteness and obscurity in the claims. This rule has been most often applied to primary patents, or those embodying a large and decisive advance upon the former art. The true rule would seem to be that the claims of the patent should, at least with some degree of precision, state what is claimed in respect of the means devised by the inventor. If they do this in an imperfect way, but yet indicate generally the means, the more specific description of which may be helped out by reference to the specification, such recourse may be had; but it is not in general permissible to claim only mechanical results, and then appeal to the specification to identify means which have not been described at all in the claims. The courts have not applied this rule with severity against patents for inventions of a highly meritorious character, covering a new field, but certainly the substance of the rule just stated is one of general application. See, for instance, the case of McCormick Harvesting Mach. Co. v. Aultman, Miller & Co., 37 U. S. App. 299, 16 C. C. A. 259, and 69 Fed. 371, and Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. 299.

Counsel for the complainant contends that it is entitled to the benefit of indulgent consideration, because, as it is said, the Gilliland patent is of a primary character, but I think this rank cannot be conceded to it. The Anders and Roosevelt patent, especially the latter, leave but a narrow field to the patent in suit. If Gilliland had limited his claims to the specific means which he devised for the purpose of accomplishing his object, I should be inclined to hold that his patent would be good for the particular mechanism which he has described in his specification. Whether, in support of a patent of this limited character, the specification can be drawn into the claims, and thus save his invention, is, as I have intimated, a matter of doubt; but as, upon another ground, I reach the conclusion that the complainant cannot succeed in the suit, I follow the course pursued in similar circumstances by the supreme court in the case of Brake Co. v. Westinghouse, 170 U. S. 537, 18 Sup. Ct. 707, and assume, without deciding, that these claims of the Gilliland patent are sustainable to the extent of the specific means devised by the patentee and described in the specification, upon the principle above stated, and which was applied by the court of appeals for this circuit in Watch Co. v. Robbins, 22 U. S. App. 601, 12 C. C. A. 174, and 64 Fed. 384. The structure of the defendants which is alleged to infringe does not employ the same means, and, although it accomplishes the same purpose, does so in a different way. The device of Gilliland is adapted to accomplish the purpose by a single and simple forward movement of the end of the lever to which the operative force is applied. The other end of the lever, when the lever is rotated around the fulcrum, closes the circuit, and thereupon the generator is excited into activity by the progressive movement of the lever. The means employed by the defendants for closing the circuit are quite different. When operated in the way in which complainant's device is operated it will not produce the same result, nor any new result at all. The elements of the combination are so arranged as that the mode of operation must necessarily be different.

If the proposition of the complainant's counsel in support of his contention that the Gilliland patent was of a primary character, and so entitled to the broad construction given to claims for such inventions, were maintainable, it is quite probable that the defendants' construction would be held an infringement; for in one form or another, and in some place or another, in the combination, the equivalents of the complainant's mechanism are to be found,—that is to say, what would be regarded as equivalents in inventions of the widest scope. My conclusion is therefore that the defendants do not infringe the claims of the complainant's patent above referred to, when the latter are construed, as they must be, as covering only the specific means described by the inventor in his specification. The bill will therefore be dismissed.